UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-23543-CV-LENARD/TURNOFF

FEDERAL TRADE COMMISSION,

    Plaintiff,
vs.

TRUMAN FORECLOSURE ASSISTANCE, LLC,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Proposed Preliminary Injunction **[D.E. 41]**, and an Order of Referral entered by the Honorable Joan A. Lenard on December 2, 2009 **[D.E. 14]** which refers Plaintiff's Motion for Preliminary Injunction **[D.E. 2]** to the undersigned.

## Background

The parties last appeared before the Court for a status conference on January 8, 2010. At that time, Plaintiff, the Federal Trade Commission ("FTC") announced that it had reached an agreement with the individual Defendants. On January 12, 2010, the undersigned entered an Order and Recommendation following the status conference. **[D.E. 31]**. The Order required the parties to submit a proposed order that memorialized their agreement for the Court's review. In that same Order and Recommendation, the undersigned noted that the FTC had filed motions for default as to each corporate defendant, to wit: Truman Foreclosure Assistance, LLC, Truman Mitigation Services, Inc., and Franklin Financial Group, LLC. The undersigned also noted the non-appearance of said corporate entities and recommended that the relief requested in the Complaint for Permanent

Injunction and simultaneously filed Motion for Preliminary Injunction [D.E. 1, 2] be granted as to same.

Since then, the Clerk has entered Defaults as to each noted corporate defendant [D.E. 37, 40], and the parties have submitted their *proposed* Preliminary Injunction as to the individual defendants. [D.E. 41].

### The Agreement

The undersigned has reviewed the *proposed* Preliminary Injunction and its attachments (A & B) which total fifty-one (51) pages. By way of summary, the *proposed* Preliminary Injunction covers the following broad categories as to the individual Defendants, (1) prohibited representations, (2) prohibition on collection of advanced fees, (3) notice requirement as to consumers, (4) disablement of websites, (5) disclosure of financial/ business accounting information, (6) preservation of records and tangible things, (7) consumer reporting, (8) monitoring of compliance, (9) notice requirements as to employees and agents, (10) methods of correspondence with Plaintiff, and (11) requirements regarding service of the court's order.

The forms attached to the *proposed* Preliminary Injunction solicit information regarding, *inter alia*, finances and accounting. See [D.E. 41].

Upon careful review of the *proposed* Preliminary Injunction, the court file, and being otherwise duly advised in the premises, the undersigned finds that same contains the relief requested in the Complaint [D.E. 1] and that the entry of same is in the best interest of the public.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the *proposed* Preliminary Injunction [D.E. 41 ] be entered by the Court as to the individual defendants. The Court reaffirms its prior **RECOMMENDATION** that default

judgments be entered against the three corporate defendants. **[D.E. 31]**.

## Other Pending Matters

The Court also notes that the FTC filed a Motion to Strike Answer to Complaint filed by Defendant Hertz **[D.E. 26]** in which he demands, *inter alia*, a jury trial and sanctions against Plaintiff. **[D.E. 32]**. Upon review of the Motion **[D.E. 32]**, the court file, and in light of the foregoing agreement, it is **RESPECTFULLY RECOMMENDED** that said Motion **[D.E. 32]** be **GRANTED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this \_\_\_\_ day of January 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record