UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23543-CIV-LENARD/TURNOFF

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

vs.

**TRUMAN FORECLOSURE ASSISTANCE, LLC, TRUMAN MITIGATION SERVICES, LLC, FRANKLIN FINANCIAL GROUP US LLC, ELI HERTZ, BENZION JACK ITZKOWITZ,** and **RICHARD ZAFRANI**,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on Plaintiff Federal Trade Commission's ("FTC") Motion for Issuance of Preliminary Injunction ("Motion," D.E. 2), filed on November 23, 2009. On December 2, 2009, the FTC's Motion was referred to Magistrate Judge William C. Turnoff, who in turn held a status conference on January 8, 2010. (See D.E. 14, 30.)

On January 12, 2010, the Magistrate Judge issued a report ("Preliminary Report," D.E. 31), recommending that a preliminary agreement reached between the individual defendants Eli Hertz, Benzion Jack Itzkowitz, Richard Zafrani ("Individual Defendants") and the FTC at the hearing be observed until the FTC submitted a proposed order.[1] The Preliminary

---

[1] The FTC submitted its proposed order on January 20, 2010 (D.E. 41). Both the FTC and Individual Defendants reviewed and approved the proposed preliminary injunction order.

Report also recommended that default be entered against the corporate defendants Truman Foreclosure Assistance, LLC, Truman Mitigation Services, Inc., and Franklin Financial Group, LLC ("Corporate Defendants"). On January 12, 2010, the FTC also filed a Motion to Strike Defendant Eli Hertz's ("Hertz") Answer to Complaint ("Motion to Strike," D.E. 32), which was referred to the Magistrate Judge on January 13, 2010.

On January 22, 2010, the Magistrate Judge issued another report ("Report," D.E. 43), recommending that the FTC's proposed preliminary injunction be entered against the Individual Defendants, default judgment be entered against the Corporate Defendants, and the Court grant the FTC's Motion to Strike.

As of the date of this Order, no objections have been filed to the Preliminary Report or Report. Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). In addition, no responses have been filed to the FTC's Default Motion or Motion to Strike. Having reviewed the aforementioned pleadings, along with the record, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, Plaintiff's Motion for Issuance of Preliminary Injunction (D.E. 2), filed on November 23, 2009, is **GRANTED**. A separate order entering the FTC's proposed preliminary injunction shall be forthcoming;

2. The Magistrate Judge's January 12, 2010, Report and Recommendation (D.E. 31), is **ADOPTED**;

3. The Magistrate Judge's January 22, 2010, Report and Recommendation (D.E. 43), is **ADOPTED**;

4. Plaintiff's Motion to Strike Answer to Complaint (D.E. 32), filed on January 12, 2010, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of March, 2010.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**