UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-23543-CV-LENARD/TURNOFF

FEDERAL TRADE COMMISSION,

    Plaintiff,
vs.

TRUMAN FORECLOSURE ASSISTANCE, LLC,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court Plaintiff's Motion for Entry of Default Judgment as to Defendants Truman Foreclosure Assistance, LLC, Truman Mitigation Services, LLC, and Franklin Financial Group US, LLC **[D.E. 42]**, and an Order of Referral entered by the Honorable Joan A. Lenard on March 16, 2010. **[D.E. 55]**. A hearing on the Motion **[D.E. 42]** took place before the undersigned on Friday, April 16, 2010.

Counsel for the Federal Trade Commission ("FTC")appeared, together with Mr. Andrew Hernacki, a Paralegal Specialist with the FTC. None of the above-noted corporate entities appeared in Court.

### Background

The factual background of this case is well reflected in the court file. Therefore a complete recitation of same is not necessary for present purposes. This matter was last before the Court for a status conference on January 8, 2010 as to a then pending Motion for Preliminary Injunction relating to both the individual and corporate defendants. **[D.E. 2]**. Only the individual defendants

appeared in Court.

At the hearing, the parties conferred and announced that they had reached agreement as to the individual defendants. Shortly thereafter, the parties submitted a *proposed* preliminary injunction for the Court's review. Upon review of same, the undersigned entered a Report and Recommendation **[D.E. 31]** recommending that the Motion **[D.E. 2]** be granted in its entirety based upon: (1) the agreement as to the individual defendants, and (2) the non-appearance on the part of the corporate defendants. At that time, a Clerk's Default had been entered as to each of the above-noted corporate defendants. **[D.E. 30, 47]**.

## Analysis

Plaintiff argues that the entry of default judgment against the above-noted corporate defendants (collectively "Defendants") is appropriate pursuant to Fed.R.Civ.P. 55(b) due to, among other things, Defendants' failure to appear in this litigation and/or respond to any of the filings in this case. This Court agrees.

A clerk's default may be entered against parties that fail to plead or otherwise defend against the action. See Fed.R.Civ.P. 55(a). Once a Clerk's default is entered, the prevailing party must apply to the court for a default judgment. Id. at (b).

The instant Motion was filed on January 21, 2010. **[D.E. 42]**. The undersigned entered a Notice of Hearing on March 31, 2010. **[D.E. 58]**. The Court's CM/ECF docketing system shows that the Notice was sent via U.S. Mail to Defendant, Eli Hertz, who is the Registered Agent of record **[D.E. 8-10]** for all three (3) of the above-noted corporate defendants. See **[D.E. 58]**.

As of the date of this Report, Defendants have not responded to the motion at hand. Pursuant to the Local Rules, Plaintiff's Motion **[D.E. 42]** can be granted by default. S.D.Fla.L.R.

7.1( C). However, the Court has reviewed the matter on the merits and finds that the Motion is otherwise well founded.

As noted in this Court's prior Order and Recommendation, "the three (3) corporate Defendants failed to appear for [a duly noticed] status conference. Likewise, they have not responded to the Complaint [D.E. 1], the instant Motion [D.E. 2], or any of the other filings in this case. Accordingly, the factual allegations and legal proffers made by the Government against these three (3) corporate entities remain unopposed and undisputed." [D.E. 31].

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Judgment [D.E. 42] be **GRANTED**. Having determined that Plaintiff is entitled to the entry of a default judgment, the Court now turns to the issue of amount.

Plaintiff tells us that the amount of restitution to be paid in these types of cases typically equals the amount paid out by the victims of the illegal schemes — minus any previously returned funds. Here, Plaintiff seeks a default judgment in the amount of $1,804,019.35. That amount, says Plaintiff, constitutes "a reasonable assessment of the amount of consumers' net losses during the time period where the [corporate] [defendants] formulated, directed, controlled or participated in their illegal business practices." [D.E. 42].

The damages analysis/calculation was conducted by Mr. Hernacki. As noted above, Mr. Hernacki was present in Court and available for cross-examination. His Declaration [D.E. 42] was offered as direct testimony and same was admitted into evidence by the Court. As indicated *supra*, the corporate defendants did not appear; thus, there was no cross-examination.

In his Declaration, Mr. Hernacki affirms that the calculations are based upon an analysis of, among other things, Defendant' bank deposits, statements and ledgers, from October 2008-

September 2009. See Hernacki Decl. **[D.E. 42. Ex. 5, ¶ ¶ 4-5]**. According to the Declaration, various accounts were reviewed – including lead accounts, checking accounts and operating accounts.

Upon careful review, the undersigned finds that Mr. Hernacki's Declaration is very thorough. He took good care to accurately reflect the amounts of deposits, wire transfers, Pay Pal payments, and other relevant financial transactions in each account. He also took great care to account for certain amounts that were paid back as "refunds" or "reimbursements for overcharge" so as to not include them in the estimated amount of damages. Id.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[D.E. 42]** be **GRANTED** in the amount of **$1,804,019.35**, and entered against the three (3) above-noted corporate defendants. In this connection, the undersigned **RESPECTFULLY RECOMMENDS** that the Court enter the proposed Default Judgment and Order for Permanent Injunction and Monetary Relief that was submitted by Plaintiff as **[D.E. 42, Ex. 6]** – because same tracks the language of the prior Preliminary Injunction entered against the *individual* Defendants.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 20th day of April 2010.

_____
**WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE**

cc:  Hon. Joan A. Lenard
     Counsel of Record